Belle Stark et al., Appellants, v. Joseph G. Boggs and State Loan Association, Appellees.

462

Opinion filed March 4, 1937.   Rehearing denied April 6, 1937.

HARRY FAULKNER, of Granite City, for appellants.

ROSCOE FORTH and M. R. SULLIVAN, both of Granite City, for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

Belle Stark, the appellant, was a stockholder in the State Loan Association, a building and loan corporation, and brought a suit at law against Joseph R. Boggs and the State Loan Association.  Subsequently

the cause of action was transferred to the equity docket and an amended complaint filed. Plaintiff alleges that the suit is for herself and on behalf of all others similarly situated but all for the use of the State Loan Association.

It is alleged in the amended complaint that the State Loan Association was organized in 1919 by Joseph R. Boggs and others; that there were seven directors; that Boggs was one of the first directors and had been re-elected at stated intervals so that his several terms of office had covered the period from December, 1919 to December, 1933, and that during all that time he was the secretary of the association. It is further alleged that the secretary's compensation was fixed by by-law in December, 1919 at 7/16 of one per cent of the assets annually and that at the same time the duties of the secretary were prescribed; that during the period between December 1, 1923 and November 30, 1933, he took from the assets of the corporation in excess of $34,000 and paid it to persons for services which should have been performed by him and which were covered by the compensation fixed by the by-laws for his services as secretary; that during the same period he drew his salary as fixed by the by-laws at approximately $86,000; employed others to do the work at the expense of the company while he devoted his time and service as an officer of a banking institution in Granite City; that in 1926, on behalf of the Loan Association he loaned $60,000 and charged and collected from the borrower a commission of $5,000 which he retained but which should be paid to the Loan Association. The prayer is for an accounting by Boggs and a reimbursement to the association of the amount found due.

The Loan Association filed a motion to strike certain paragraphs of the amended complaint and Boggs moved to dismiss the amended complaint. Both motions were allowed and plaintiff elected to stand by her

pleading and a judgment in bar of the action was entered.

Both parties are in accord with the general proposition of law that a minority stockholder in a corporation may on behalf of himself and other stockholders similarly situated bring an action in equity against persons who are directors of the corporation and who have by their conduct or negligence injured the corporation but that before such action can be maintained by such stockholder it is necessary to make demand through the directors that the corporation bring the suit and that it has refused or that it is incumbent upon such stockholder to allege and prove facts which would show with reasonable certainty that such demand would be unavailing.

Plaintiff alleges in her amended complaint that she has not made a request of the Loan Association through its directors to make the demand on Boggs to return the money ''for the reason that such a request would have been unavailing.'' This allegation is but a conclusion and does not state any facts from which the court can determine that it would have been futile to make a demand that the corporation bring the suit.

In *Babcock v. Farwell*, 245 Ill. 14, the court said, ''The stockholders cannot ordinarily maintain a suit to enforce any right of the corporation. That privilege belongs to the corporation itself, acting through its directors. The mere failure of the directors to bring suit does not entitle any stockholder to do so. A demand upon the directors to bring the suit is, in general, essential before a stockholder may himself maintain a bill. His remedy must first be sought within the corporation, and it is only where the majority of the directors are themselves involved in the matters complained of, so that it is evident that the demand would be unavailing, that it can be dispensed with.'' *Scalzo v. Commercial Trust & Savings Bank*, 239 Ill. App. 330. In *Hawes v. Oakland*, 104 U. S. 450, 460, 26 L. Ed. 827,

it was said, ''The efforts to induce such action as complainant desires on the part of the directors and of the shareholders when that is necessary and the cause of failure in these efforts should be stated with particularity.''

The other allegations relied upon by plaintiff as showing such facts are that Boggs was a director and secretary of the association from 1919 to 1933 and that during that time he annually obtained proxies from stockholders so that he or someone under his control named the directors of the association and that he so dominated that organization that he controlled the appointment of committees.

It is nowhere alleged that the directors as elected or the committees appointed in any way connived with Boggs to defraud the association or that they acting with Boggs fraudulently permitted him to take the assets of the corporation. It is not even alleged that Boggs procured the proxies and manipulated the election of directors of his own selection so that he could draw from the treasury of the association funds for services that did not belong to him.

Plaintiff contends that the allegation that Boggs selected the directors and procured their election by proxies is a sufficient allegation of fact to show that the other directors would not have authorized a suit had a request been made. It is common knowledge that the directors of many corporations are selected and elected by means of proxies procured by some official of the company but it does not follow that directors so elected subscribe to everything proposed or done by the official who caused their election. In the *Babcock* case the rule was stated that demand had to be made in all cases except where the majority of the directors are themselves involved in the matters complained of so that it would appear that a demand to bring suit would be unavailing. If a majority of the other directors were involved in the same matter it would not be expected that they

would sue themselves. But in this case the other directors are not involved and there is no liability against them from the mere fact that Boggs had caused their election by means of procuring proxies. They might have a high regard for him and deeply appreciative of his efforts in securing their election and yet when a demand for suit was made they would be true to their trust and authorize the suit.

Plaintiff further contended that this court should take notice of the fact that Loan Associations in this State are usually under the control and management of one man and relies upon *Prairie State Loan & Bldg. Ass'n v. Nubling,* 170 Ill. 240. The court was there considering the liability of the corporation for the wrongful acts of its secretary in an action brought by the stockholder against the association and the statement in the opinion would not be applicable to the question under consideration. The court properly sustained Boggs' motion to dismiss.

The Loan Association's motion to strike certain paragraphs of the amended complaint was directed at matters alleged to have occurred since the starting of the suit and were in reference to the activities of certain of the directors and one of the attorneys who represents both appellees in this case, in the matter of getting plaintiff and one of her coplaintiffs, who is no longer in the suit, and to dismiss the suit. The request by plaintiff for corporate action against Boggs or the existence of facts which would make a request unavailing were as a condition precedent to the bringing of the plaintiff's suit and if they did not exist at the time the suit was started subsequent occurrences could not be pleaded and relied upon as constituting a cause of action at the time the suit was filed.

There was no error in the court's rulings on the motions.

*Judgment affirmed.*